# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5662 | **DATE** | February 17, 2004 |
| **CASE TITLE** | Dennis M. Anderson v. Elmhurst Chevrolet and Western Div Sys Inc. | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Defendant Western Diversified Services, Inc.'s motion dismiss Count I of the complaint [6-1; 6-2] is granted in part. Accordingly, Count I of the complaint is dismissed as to defendant Western Diversified Services, Inc. ENTER MEMORANDUM OPINION.
Plaintiff may respond to the motion to dismiss Counts II, IV and V of the complaint by March 9, and defendant may reply by March 19, 2004.
Western Diversified Services, Inc's motion to compel arbitration and to stay pending arbitration [5-1, 5-2] is denied as moot.

(11)  [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| x | Notices MAILED by judge's staff. | | FEB 2 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | JXM | |
| | Copy to _____ | CLERK | docketing deputy initials | |
| KAM | courtroom deputy's initials | 04 FEB 19 PM 5: 05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | KAM | |
| | | | mailing deputy initials | |

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DENNIS M. ANDERSON,                    )
                                       )
                    Plaintiff,         )
                                       )
    v.                                 )   No. 03 C 5662
                                       )
ELMHURST CHEVROLET, INC. and           )
WESTERN DIVERSIFIED SERVICES, INC. )
                                       )
                    Defendants.

**MEMORANDUM OPINION**

The court has under advisement the motions of defendant Western Diversified Services, Inc. to strike and dismiss certain counts of the plaintiff's complaint and to compel arbitration

Plaintiff's claims against Western Diversified Services, Inc., are based upon a written service contract, the declaration page of which is attached to the complaint. Defendant's motion to compel arbitration is based upon paragraph Q of the service contract, which is an arbitration clause. It clearly requires all disputes arising under the contract, including any dispute as to the validity of the contract, to be submitted to arbitration.

Plaintiff responds to the defendant's motion by denying, under penalty of perjury, that he signed the service contract or authorized anyone to sign the contract on his behalf. Plaintiff demands a jury trial on the question of whether he signed the contract and thus agreed to arbitrate.

Western Diversified argues in reply that the jury demand is untimely (a question we need not reach) and that, moreover, since plaintiff denies that he signed the contract he has no right to seek relief for its breach. Count I of the complaint, therefore, should be dismissed as against Western Diversified Services, Inc. In an order of November 12, 2003, we asked plaintiff to file a surreply by November 24, 2003. No surreply has been filed.

We do not see how plaintiff can sue on a contract he denies executing. Accordingly, Count I of the complaint is dismissed as against the defendant Western Diversified Services, Inc.[1]

\*     \*     \*     \*     \*

Defendant Western Diversified Services, Inc. has also moved to dismiss Counts II, IV and V of the complaint for failure to state claims and for failure to allege fraud with the particularity required by Fed. R. Crim. P. 9(b). Plaintiff may respond to that motion by March 9, and defendant may reply by March 19, 2004.

Date:     February 17, 2004

ENTER:     John F. Grady, United States District Judge

---

[1] The defendant Elmhurst Chevrolet has not moved for dismissal of Count I, but, should it file such a motion, it is likely to be granted.