# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5662 | **DATE** | 9/1/2004 |
| **CASE TITLE** | Dennis M. Anderson vs. Elmhurst Chevrolet, Inc. et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Elmhurst's motion to dismiss the amended complaint is granted as to Count I and denied as to Counts II-V. Western's motion to dismiss Counts IV and V is denied. Count I of the amended complaint is dismissed with prejudice as to both defendants. The court will entertain no more motions regarding the pleadings in this case. A discovery cut-off is set for November 30, 2004, after which the case will be regarded as ready for trial on reasonable notice.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | 42 |
| ✓ | Notices mailed by judge's staff. | | | SEP 0 2 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 9/1/2004 | |
| | | | | date mailed notice | |
| SJR | courtroom deputy's initials | 2004 SEP -1 PM 5:31 | | SJR | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS M. ANDERSON,                    )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )    No. 03 C 5662
                                       )
ELMHURST CHEVROLET, INC. and           )
WESTERN DIVERSIFIED SERVICES, INC.,    )
                                       )
          Defendants.                  )

**DOCKETED**

**SEP 0 2 2004**

## MEMORANDUM OPINION

Before the court are the motions of the defendants to dismiss the amended complaint.  For the following reasons, the motion of Elmhurst Chevrolet, Inc. is granted in part and denied in part, and the motion of Western Diversified Services, Inc. is denied.

## BACKGROUND

This is an action arising from plaintiff Dennis M. Anderson's purchase of a Dodge Ram truck from defendant Elmhurst Chevrolet, Inc. ("Elmhurst") and a related service contract from defendant Western Diversified Services, Inc. ("Western").

We have already entertained various motions in this case and issued two memorandum opinions.  The first opinion dealt with Western's motion to compel arbitration.  The service contract that plaintiff alleged (in Count I of the complaint) was breached clearly requires that all disputes arising under the contract be

42

submitted to arbitration. Plaintiff responded to Western's motion
by denying under oath that he signed the service contract.
Explaining that we do not understand how plaintiff can sue on a
contract he denies executing, we dismissed Count I as against
Western and indicated that should Elmhurst file a motion for
dismissal of Count I as against it, that motion would likely be
granted.

Our second memorandum opinion addressed Western's motion to
dismiss other counts of the complaint. We dismissed, with
prejudice, plaintiff's breach of implied warranty of
merchantability claim (Count II) as against Western because it was
Elmhurst, not Western, that sold plaintiff the automobile. We also
dismissed plaintiff's statutory and common-law fraud claims (Counts
IV and V) for failure to comply with Federal Rule of Civil
Procedure 9(b) and gave plaintiff leave to file an amended
complaint.

Plaintiff filed an amended complaint that contains the
following claims: breach of the service contract (Count I); breach
of the implied warranty of merchantability (Count II); revocation
of acceptance (Count III); violation of the Illinois Consumer Fraud
and Deceptive Business Practices Act (the "Consumer Fraud Act")
(Count IV); and common-law fraud (Count V). All five counts are
asserted against Elmhurst, but only Counts I, IV, and V are
asserted against Western.

Defendants now move to dismiss the amended complaint.[1]

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 354 (3d ed. 2004). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. <u>Hentosh v. Herman M. Finch Univ. of Health Sciences</u>, 167 F.3d 1170, 1173 (7th Cir. 1999); <u>Jang v. A.M. Miller & Assocs.</u>, 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Ledford v. Sullivan</u>, 105 F.3d 354, 356 (7th Cir. 1997) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)).

## A.  Count I (Breach of Written Service Contract)

Elmhurst moves to dismiss Count I for the reason advanced in our first memorandum opinion: plaintiff cannot sue for breach of a contract he denies executing. Plaintiff notes that he has repleaded Count I in the amended complaint "merely to preserve [his] rights on appeal." (Response to Elmhurst's Motion at 3.)  A

---

[1]  Elmhurst's motion is captioned as a motion "to strike and dismiss." However, Elmhurst does not present any arguments for <u>striking</u> the amended complaint or any portions of it pursuant to Federal Rule of Civil Procedure 12(f). We therefore treat the motion as a motion to dismiss (pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6)).

repleading of previously-dismissed claims, however, is unnecessary to preserve those claims for appeal. <u>See</u> <u>Bastian v. Petren Res.</u> <u>Corp.</u>, 892 F.2d 680, 682 (7th Cir. 1990). Count I is dismissed with prejudice as against both defendants.

**B.   Counts II & III (Breach of Implied Warranty**
**of Merchantability & Revocation of Acceptance)**

Elmhurst contends that Counts II and III must be dismissed because they are "based on the same service contract Plaintiff denies he signed." (Elmhurst's Memorandum at 3-4.) This is simply incorrect. Counts II and III do not relate to the service contract at all. Count II is a claim that the truck plaintiff purchased was not fit for its ordinary purpose. In Count III, plaintiff seeks to revoke the vehicle purchase agreement for the truck, not the service contract. Accordingly, Elmhurst's motion is denied as to Counts II and III.

**C.   <u>Counts IV & V (Statutory and Common-Law Fraud)</u>**

Both of the defendants contend that Counts IV and V should be dismissed for failure to allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b). This was the ground for our dismissal of Counts IV and V as they were alleged in the original complaint. In the amended complaint, though, plaintiff clearly sets forth the who, what, where, and when of the purported fraud. Defendants' contention is that plaintiff now has failed to allege <u>agency</u> with specificity.

The amended complaint contains the following agency allegations:

- [Western] is in the business of marketing and selling service contracts to the public at large, through a system of authorized dealerships, including [Elmhurst].
- The service contract was sold to Plaintiff by [Elmhurst] on behalf of, and for the benefit of, [Western].
- On or about July 8, 2002, at [Elmhurst's] place of business, [Elmhurst], by its Finance Manager, . . . name presently unknown, acting on behalf of [Elmhurst] and as an agent of [Western], . . . made the following oral representations and/or omissions to the Plaintiff:
  (a) Plaintiff was told by the above described Finance Manager that he was purchasing a 48 month/50,000 mile extended service contract, which would cover the vehicle, and that the vehicle would be repaired for the term of the service contract. [Elmhurst], by one of its employees or agents, name unknown, then forged Plaintiff's signature on the application for service contract and charged Plaintiff $1,495.00. At the same time, [Elmhurst], and more specifically through the above described Finance Manager, knew that the vehicle was ineligible for coverage, because of its prior commercial use. These misrepresentations were made by the Finance Manager of [Elmhurst].
- At all times relevant, [Elmhurst] was acting on behalf of [Western] and was authorized to transaction [sic] business on behalf of [Western]. Therefore, at all times relevant, [Elmhurst], through its employee, Finance Manager as herein described, was acting as either the agent or apparent agent of [Western].

(Amended Complaint, ¶¶ I.2, I.9, IV.9(a), IV.17.)

As an initial matter, defendants' citation of Illinois case law in support of their argument is misplaced. Illinois' fact pleading requirements are not applicable here. It is well established that the liberal federal notice pleading requirements

are applicable in a federal case even when the claim pleaded arises under state law. <u>See Muick v. Glenayre Elecs.</u>, 280 F.3d 741, 743 (7th Cir. 2002).

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." In <u>Lachmund v. ADM Investor Services</u>, 191 F.3d 777, 783 (7th Cir. 1999), the Seventh Circuit explained the purpose of Rule 9(b): "to ensure that the party accused of fraud, a matter implying some degree of moral turpitude and often involving a 'wide variety of potential conduct,' is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." In light of Rule 9(b)'s purpose, the Seventh Circuit held in <u>Lachmund</u> that an agency relationship establishing vicarious liability for fraud generally does not have to be pleaded with particularity. <u>Id.</u> Agency must be pled with particularity only where a plaintiff relies upon the same circumstances to establish both fraud and the agency relationship of a defendant. <u>See id.</u>

Here, the purported agency relationship between Elmhurst and Western is alleged generally and independently from the allegations of the fraudulent activity itself. Therefore, it need not be pleaded with the particularity required by Rule 9(b). <u>See Guaranty Residential Lending, Inc. v. International Mortgage Ctr., Inc.</u>, 305

F. Supp. 2d 846, 860-61 (N.D. Ill. 2004). The amended complaint gives defendants adequate notice of the purportedly fraudulent activity.

Defendants also assert that plaintiff's fraud claim must fail because of plaintiff's denial that he signed the service contract. We reject defendants' argument because the fraud claims do not depend on the existence of a contract. Plaintiff states fraud claims by alleging that his signature was forged on the service contract and that he was charged for vehicle service on an ineligible vehicle and refused service when he requested it.

We decline to address Western's argument regarding reliance because it is raised for the first time in Western's reply to plaintiff's supplemental response.

**D.   Elmhurst's Refund Argument**

Elmhurst argues that the entire amended complaint should be dismissed because Elmhurst offered plaintiff a refund of the purchase price of the truck prior to the filing of this action. Attached to Elmhurst's brief is a January 21, 2003 letter to plaintiff from a Elmhurst employee stating: "We would like to inform you that Mr. Anthony Castle [presumably another Elmhurst employee] did call Mr. Norman Lehrer [plaintiff's counsel] on Monday the 20th of January, and offered to reverse the deal on the 1999 Dodge Pickup, and provide a full refund on the vehicle."

(Elmhurst's Memorandum, Ex. B.)[2]  Generally, on a 12(b)(6) motion, a court may only consider materials outside the pleadings if it converts the motion to dismiss into a motion for summary judgment and offers the other party an opportunity to respond.  <u>See</u> Fed. R. Civ. P. 12(b); <u>Edward Gray Corp. v. National Union Fire Ins. Co.</u>, 94 F.3d 363, 366 (7th Cir. 1996).  But even if we considered the letter, Elmhurst's argument would not succeed.

In support of its argument, Elmhurst cites two Illinois cases: <u>Hayman v. Autohaus on Edens, Inc.</u>, 734 N.E.2d 1012 (Ill. App. Ct. 2000), and <u>Huss v. Sessler Ford, Inc.</u>, 799 N.E.2d 444 (Ill. App. Ct. 2003).  The court in <u>Hayman</u> held that when a defendant in an action for common-law fraud has unconditionally tendered the full amount owed to a plaintiff prior to suit being filed, there is no actual controversy, and the suit is rendered moot.  734 N.E.2d at 1014-15.  In <u>Huss</u>, the court cited the <u>Hayman</u> rule and affirmed dismissal of a Consumer Fraud Act suit where defendant offered to cancel the contract, refund all amounts paid by plaintiff on the vehicle, pay all reasonable attorney's fees, and pay all losses, costs, and expenses incurred by plaintiff.  799 N.E.2d at 450-51.

The court in <u>Huss</u> noted that reasonable attorney's fees are recoverable under the Consumer Fraud Act, and in relation to such

---

2/  This letter evidently was a response to plaintiff's counsel's letter to Elmhurst and Western dated January 9, 2003, in which plaintiff sought from defendants "$40,000, revocation of the purchase contracts, settlement of the claims under the Consumer Fraud Act, and to pay off the loan balance on Plaintiff's existing loan."  (Elmhurst's Memorandum, Ex. A.)

an action, an offer to refund the purchase of a vehicle does not constitute an offer for the "full amount" owed to a plaintiff when it does not include the payment of attorney's fees as well. 799 N.E.2d at 450. The facts of the instant case are distinguishable from those of <u>Hayman</u> and <u>Huss</u> because Elmhurst, aware of a possible Consumer Fraud Act claim, did not refund or make any offer to compensate plaintiff for reasonable attorney's fees (which Elmhurst knew plaintiff was incurring). Nor did Elmhurst offer to pay other losses, costs, and expenses incurred by plaintiff, as in <u>Huff</u>. Therefore, Elmhurst did not make an offer to pay the full amount owed to plaintiff, and dismissal would not be warranted.

<u>CONCLUSION</u>

For the foregoing reasons, Elmhurst's motion to dismiss the amended complaint is granted as to Count I and denied as to Counts II-V. Western's motion to dismiss Counts IV and V is denied. Count I of the amended complaint is dismissed with prejudice as to both defendants.

DATE:          September 1, 2004

ENTER:

John F. Grady, United States District Judge